**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1410
_____

UNITED STATES OF AMERICA

v.

MARK ERIC ICKER,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:19-cr-00338-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on June 29, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed:  July 18, 2023)

_____

_____

OPINION*

_____

PER CURIAM

Mark Icker appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for reconsideration of an order that denied his motion for compassionate release. The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

Icker, a former law enforcement officer, is currently serving a term of 180 months of imprisonment following his July 2020 conviction for two counts of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. In April 2022, Icker filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on his medical conditions and the COVID-19 pandemic. Icker argued that his underlying medical conditions, including hypertension, hereditary hemorrhagic telangiectasia (HHT), heart aneurysm, asthma, and other conditions, made him "particularly susceptible to future strains" of COVID-19, and placed him at higher risk for severe illness. D. Ct. ECF No. 54 at 1-2.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On July 8, 2022, the District Court denied Icker's motion. Icker appealed, and this Court summarily affirmed the judgment of the District Court. See C.A. No. 22-2486. Icker also filed a motion with the District Court seeking "reconsideration of the Court's Order denying Mr. Icker's first Motion for Compassionate Release." D.Ct. ECF No. 64 at 1. In support, Icker presented additional evidence of his medical conditions, and argued that the factors set forth in 18 U.S.C. § 3553(a) did not weigh against his release. Specifically, Icker argued that he was convicted for a "non-violent crime, he led a law-abiding life with no history of violence and has had, and will have if released, the strong support of his family, with no risk of recidivism whatsoever." Id. at 5.

The District Court ordered the Government to submit Icker's updated medical records. After extensive consideration of Icker's arguments and the newly submitted evidence, the District Court denied relief, concluding that "even if the circumstances are extraordinary in this case, consideration of the factors under 18 U.S.C. § 3553(a) weigh [sic] heavily against an order of Icker's release." D.Ct. ECF No. 70 at 12. Icker appeals.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and review the denial of Icker's motion for reconsideration for abuse of discretion. See United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). A judgment may be altered or amended if the party seeking reconsideration shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d

3

Cir. 1999). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Section § 3582(c)(1) authorizes compassionate release based on an "extraordinary and compelling" reason, provided the District Court makes a favorable assessment after considering the § 3553(a) factors and any applicable policy statements. See United States v. Pawlowski, 967 F.3d 327, 329 & n.6 (3d Cir. 2020). Compassionate release is discretionary, not mandatory. Therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See id. at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020).

We discern no abuse of discretion in the District Court's determination that, even in light of Icker's newly submitted evidence, a balancing of the applicable § 3553(a) factors warranted denying compassionate release, and therefore denying his motion for reconsideration. In considering those factors, the District Court found that "the need for the lengthy sentence imposed on Icker to reflect the utterly reprehensible nature of his offenses and his blatant abuse of power in order to coerce women to perform sex acts on him, to promote respect for the law, to provide just punishment for the offenses, and to afford adequate deterrence to his disturbing criminal conduct, overwhelmingly [does] not warrant a 90% sentence reduction in Icker's case." D.Ct. No. 70 at 11. The District Court further determined that "Icker shows no remorse for his heinous crimes," and noted that his reference

4

to his crimes as non-violent offenses "clearly underscores his complete failure to acknowledge the gravity of his offenses." Id.

We agree with the Government that nothing in the record suggests that the District Court was clearly wrong in its consideration of the § 3553(a) factors, particularly in light of the time remaining on Icker's sentence. See, e.g., Pawlowski, 967 F.3d at 330-31 (denying motion for compassionate release considering, among other factors, the time remaining on the defendant's sentence and the seriousness of the defendant's crimes). Under these circumstances, the District Court did not abuse its "considerable discretion" in denying Icker's motion for reconsideration. See United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.